BURMEISTER, Respondent, vs. OLSON, Appellant.

*April 4 — April 25, 1899.*

*Appeal: Findings sustained: Mistake.*

Findings of the trial court that there was a mistake in the condition of a mortgage, and also in the description of the premises covered by it, are *held* not to be against the preponderance of the evidence in this case, even applying the rule that such mistake must be shown beyond reasonable controversy.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Action to reform a mortgage of real estate. One Weltzin, plaintiff's father-in-law, being indebted to the defendant in about the sum of $1,700, secured by mortgages on certain real estate, and the defendant demanding payment, the plaintiff, Weltzin, and the defendant met and negotiated, as a result of which it was agreed that Weltzin was to give a chattel mortgage on some $300 worth of personal property, and that the plaintiff was to give a mortgage on a certain house and lot of his in the village of Mt. Vernon. Plaintiff

claims that the understanding and agreement was that his mortgage was merely to be conditioned upon Weltzin's paying over the proceeds of the chattel-mortgaged property, which he was authorized to sell and dispose of, and that it was intended to cover only the northeast half of lot 4, in block 2, of the village of Mt. Vernon; that as a result of the negotiation he made a memorandum upon a slip of paper, reading, " *Olson* will release mortgage when Weltzin pays over receipts of sale. ½ Lot 4, Block 2; " and that the instructions to the attorney were to draw the mortgage accordingly. The memorandum was offered in evidence in confirmation. The mortgage in fact drawn covered the whole of lot 4, in block 2, and was conditioned upon the payment of the whole indebtedness of $1,705, which plaintiff claims he executed without examining the same, and upon the mutual misunderstanding that it was drawn in accordance with the arrangement reached. Defendant denies any mistake. Two other witnesses were called in support of the plaintiff's contention. The court found that the mortgage was so drawn by mistake and was intended as claimed by the plaintiff, and entered judgment reforming the same, from which defendant appeals.

For the appellant there was a brief by *Ben E. Wait* and *Gerhard M. Dahl*, and oral argument by *Mr. Wait*.

For the respondent there was a brief by *Bird, Rogers & Bird*, and oral argument by *Geo. W. Bird*.

DODGE, J. After a very careful examination of the evidence in this case, we are unable to say that there is a preponderance thereof against the finding of the circuit court that, by mistake and contrary to agreement of the parties, the mortgage from plaintiff to defendant was conditioned upon the payment of the sum of $1,705, instead of being conditioned that said mortgage should cease and be null and void, provided the said plaintiff paid or caused to be

paid to the said defendant the proceeds of the sale of the personal property mentioned, even applying to the consideration of such evidence the rule that the mistake must be shown beyond reasonable controversy, as announced in *Harter v. Christoph*, 32 Wis. 248, and numerous other cases. The evidence also overwhelmingly supports the finding of a mistake in the description of the mortgaged premises. A discussion of the evidence can ordinarily serve no good purpose when the conclusion of the circuit court therefrom is concurred in. The judgment reforming the mortgage results unavoidably from these findings, and should not be disturbed.

*By the Court.*— Judgment affirmed.